## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DENARD A. ROWELL,

                Petitioner,

                                            Case No. 23-cv-1345-bhl

    v.


STEVEN R. JOHNSON, Warden,
Milwaukee Secure Detention Facility,[1]

                Respondent.

---

## SCREENING ORDER

---

      Petitioner Denard A. Rowell filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 10, 2023.  (ECF No. 1.)  On that same day, he moved for leave to proceed without prepayment of the filing fee and submitted his prisoner trust fund account statement.  (ECF Nos. 2 & 3.)  Rowell filed a second motion for leave to proceed without prepayment of the filing fee on October 19, 2023.  (ECF No. 5.)  This Court was assigned the matter on that same day.  Based on his submissions, the Court finds that Rowell lacks sufficient funds to pay the $5.00 filing fee and will allow him to proceed without prepaying the filing fee.

      Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Rowell's petition.  The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody."  The Wisconsin Department of Corrections' inmate locator confirms that the petitioner is presently incarcerated at Milwaukee Secure Detention Facility.  *See* https://appsdoc.wi.gov/lop/details.  Steven R. Johnson is the warden of that institution.  The Court has updated the caption accordingly.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal claims and tries to confirm that those claims have been properly exhausted in state court.

According to his filings and state court records, Rowell pleaded guilty to sex offender – fail/update information, a class H felony, in violation of Wis. Stat. § 301.45(4)(a), and lewd, lascivious behavior – exposure, a class A misdemeanor, in violation of Wis. Stat. § 944.20(1)(b), with modifier of habitual criminality repeater. *See State v. Denard A. Rowell*, Milwaukee County Circuit Court Case No. 2019CF001795 (available electronically at https://wcca.wicourts.gov (last visited November 8, 2023.) On March 6, 2020, the circuit court judge sentenced him as follows: Count 1 – 24 months initial term of confinement, 24 months extended supervision, consecutive to Count 2 with credit for 319 days' time served; Count 2 – 9 months in the House of Correction consecutive to Count 1. The Court stayed the sentence and placed the defendant on probation for 2 years, consecutive to 18CM3852 and 18CM4645.[2] *Id.* According to the circuit court docket, Rowell was granted a number of extensions to file a notice of appeal or postconviction motion for Case Numbers 2018CM3852, 2018CM4645, and 2019CF1795. *Id.* On May 18, 2021, the Court of Appeals extended the deadline to July 14, 2023. *Id.* On August 23, 2023, well over two years past the deadline, Rowell filed a letter and notice of appeal. *Id.* On August 24, 2023, the Wisconsin Court of Appeals ordered that "this court shall take no action on the letter and notice of appeal received August 23, 2023." *Id.* The record therefore indicates that Rowell failed to timely appeal his convictions.

Rowell reports that he "wanted to wait" until he received the December 2019 transcript, which he didn't obtain until July or August of 2022. (ECF No. 1 at 2.) Rowell does not explain why he then waited a year to file his notice of appeal. He reported that he was in custody at Columbia Correctional Facility until his release date of May 4, 2021. (ECF No. 1-1 at 2.) He was then arrested for charges in Case Number 2021CF002531 and held in custody. (*Id.*) In that case, he made an initial appearance on June 24, 2021. *See State v. Denard A. Rowell*, Milwaukee County

---

[2] In 2018CM0038852, the court sentenced Rowell to 8 months in the House of Correction, consecutive to 18CM4645. https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CM003852&countyNo=40&mode=details (last visited November 8, 2023). In 2018CM004645, the court sentenced Rowell to 11.25 months' initial confinement and 3.75 months' extended supervision consecutive to 18CM0038852. https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CM004645&countyNo=40&mode=details (last visited November 8, 2023). On May 18, 2020, the circuit court judge converted months to 337 days initial confinement and 93 days extended supervision. *Id.*

Circuit Court Case No. 2021CF002531 (available electronically at https://wcca.wicourts.gov) (last visited November 8, 2023.)

       In his petition, Rowell raises two grounds. Rowell alleges in Ground One that the circuit court judge "coerced" him into accepting the district attorney's offer and pleading guilty, by indicating he would receive "a much lesser sentence." (ECF No. 1 at 5.) Rowell claims he "received three consecutive sentences, for three separate cases that were joined, which were incredibly excessive in comparison to what was agreed upon on December 02, 2019." (ECF No. 1-1 at 1.) Rowell claims that he raised this issue on appeal and through a post-conviction motion or petition for habeas corpus citing appeal number 2020xx1481-CR. (ECF No. 1 at 6.) The Court of Appeals, however, ordered that the appellate court take no action on the notice of appeal received August 23, 2023. *See State v Rowell*, Appeal Number 2020xx001481-CR https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2020XX001481&cacheId=B31FA146860 CDDA91FA322CE044D6B93&recordCount=5&offset=2&linkOnlyToForm=false&sortDirectio n=DES (last visited on November 8, 2023). Rowell alleges in Ground Two that the sentence he received and the amended one, "was excessive" and contends "77 months seems unethical." (ECF No. 1 at 7.) Rowell admits that he did not attempt to appeal this claim or raise it in a post-conviction motion or petition for habeas corpus in a state trial court. (*Id.* at 7.)

       Under 28 U.S.C. Section 2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted the available state court remedies. "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court." *Id.* at 93 (internal citations omitted). Instead, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). The procedural default doctrine bars a federal district court from hearing either a claim which was never presented to the state courts, or a claim that was denied on adequate and independent state law grounds. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Accordingly, the Court cannot consider Rowell's claims unless he can demonstrate cause and prejudice for his default or show that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original). Alternatively, the miscarriage of justice exception requires the petitioner to "show that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Because procedural default is an affirmative defense, Rowell was not required to plead around it in his petition. *See Perruquet*, 390 F.3d at 515. Accordingly, the Court will allow Rowell an opportunity to establish that an exception applies to forgive his apparent default. Rowell must show either: (1) cause to explain his failure to properly appeal his defaulted claims to the Wisconsin Court of Appeals, as well as (2) how the default worked to his actual and substantial disadvantage; or (3) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offenses of which he was convicted. If his response does not sufficiently demonstrate either cause and prejudice or a miscarriage of justice, the Court will dismiss his petition.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (ECF Nos. 2 & 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner must file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default. Rowell must file that document on or before **December 8, 2023**. If Rowell cannot establish cause and

prejudice or a miscarriage of justice, or if he does not file the document showing cause by the December 8, 2023 deadline, the Court will dismiss the petition.

Dated at Milwaukee, Wisconsin on November 8, 2023.

s/ Brett H. Ludwig
_____
BRETT H. LUDWIG
United States District Judge