UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENARD A. ROWELL,

          Petitioner,

     v.                                             Case No. 23-cv-1345-bhl

STEVEN R. JOHNSON, Warden,
Milwaukee Secure Detention Facility,

          Respondent.

## ORDER DISMISSING PETITIONER'S PETITON FOR WRIT OF HABEAS CORPUS

       On October 10, 2023, Petitioner Denard A. Rowell filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) According to his filings and state court records, Rowell pleaded guilty to two charges: (1) sex offender – fail/update information, a class H felony, in violation of Wis. Stat. § 301.45(4)(a); and (2) lewd, lascivious behavior – exposure, a class A misdemeanor, in violation of Wis. Stat. § 944.20(1)(b), with modifier of habitual criminality repeater. *See State v. Denard A. Rowell*, Milwaukee County Circuit Court Case No. 2019CF001795 (available electronically at https://wcca.wicourts.gov (last visited January 16, 2024). The record further indicates that Rowell failed to timely appeal his convictions. On August 23, 2023, Rowell filed a letter and notice of appeal but the deadline had expired over two years earlier. *Id.* On August 24, 2023, the Wisconsin Court of Appeals ordered that it would "take no action on the letter and notice of appeal received August 23, 2023." *Id.*

       The state court's rejection of Rowell's appeal as untimely creates a substantial obstacle for his habeas petition. Application of a state procedural rule barring a defendant's claims generally precludes a federal court from reviewing that claim in a habeas proceeding and Rowell's procedural default means he has not submitted his claim for review by the state courts. If a state prisoner has not exhausted available state remedies as to any of his federal claims, a state prisoner's federal habeas petition should be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996) ("failure to present a claim at the time, and in

the way, required by the state is an independent state ground of decision, barring review in federal court"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State").

The Court flagged these issues in its November 8, 2023 screening order. (ECF No. 7.) Rather than dismissing Rowell's petition outright, however, the Court gave Rowell the opportunity to establish that an exception applied to forgive his apparent default. (ECF No. 7 at 4.) The Court ordered Rowell to show either: (1) cause to explain his failure to properly appeal his defaulted claims to the Wisconsin Court of Appeals, as well as (2) how the default worked to his actual and substantial disadvantage; or (3) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offenses of which he was convicted. *Id.*; *see Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992) (requiring "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim" to show cause); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual innocence "means factual innocence, not mere legal insufficiency").

In response to the Court's Order, Rowell submitted an "Affidavit of Truth" stating he corresponded a number times with the court regarding "how he would appear and directing the court to forward all court records and transcripts to him, as he did not wish to be represented by counsel." (ECF No. 8 at 2.) Later in his submission, Rowell states that "he chose to represent himself in propra persona without counsel." (*Id.* at 3.) Petitioner, however, also contends that he asked his attorney to file an appeal and "was told [by the attorney that] he should review the documents first, and that they needed to talk." (*Id.* at 2.) Although it is unclear whether the attorney ever agreed to represent Rowell or file a notice of appeal, Rowell states that by May 4, 2021, he had not heard from the attorney. (*Id.*) As noted by the Court's prior order, Rowell was granted a number of extensions to file a notice of appeal, extensions that ultimately extended the deadline to July 14, 2021, but Rowell failed to file a timely notice. *See Rowell*, Milwaukee County Circuit Court Case No. 2019CF001795 at https://wcca.wicourts.gov. Rowell further states that when he was released in September 2022, he directed his attention to "reentry to the community," arguably instead of filing a notice of appeal, and later was arrested on November 9, 2022. (ECF No. 8 at 3.)

Rowell has failed to present any basis for this Court to find any external objective factor that prevented him from raising his claims before the Wisconsin courts, either on direct appeal or by post-conviction proceedings and therefore has failed to demonstrate cause. It appears that Rowell decided to represent himself and therefore has only himself to blame for his failure to timely appeal. And, even if Rowell were to assert an ineffective assistance of counsel claim as cause for the procedural default, the petitioner must exhaust the ineffective assistance of counsel claim by giving the state courts one full opportunity to address that claim on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) (if Rowell is contending ineffective assistance of post-conviction counsel, such a claim "is not itself a cognizable federal constitutional violation and may not serve as cause for procedural default"). Because Rowell has not demonstrated cause, the Court need not determine whether he suffered any prejudice. As for the fundamental miscarriage of justice exception, Rowell presents no claim and therefore no evidence of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (in order to demonstrate that a fundamental miscarriage of justice will result, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent").

Having reviewed Petitioner's Affidavit of Truth, the Court finds no reason to excuse Rowell from the requirement that he first exhaust his available state court remedies. Rowell's failure to present any of his federal claims to the Wisconsin courts in a timely fashion has resulted in a procedural default of those claims. *See Coleman*, 501 U.S. at 731-32 ("[A] habeas petitioner who has failed to the meet the State's procedural requirements for presenting his federal claims has deprived the state courts of any opportunity to address those claims in the first instance"). This Court is therefore barred from reviewing the claims in Rowell's habeas corpus petition.

Accordingly,

**IT IS ORDERED** that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is direct to enter judgment accordingly.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should ask the Court of Appeals to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on January 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge